UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALVIN E. ADAMSON II, | Case No. 2:17-CV-514 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| REPUBLIC SERVICES OF SILVER STATE, | |
| Defendant(s). | |

Presently before the court is defendant Republic Silver State Disposal Service, Inc.'s ("RSSD") motion to dismiss. (ECF No. 6). Plaintiff Alvin E. Adamson II filed a response (ECF No. 10), and defendant filed a reply (ECF No. 12).

**I.  Introduction**

Alvin E. Adamson II alleged in his January 27, 2017, complaint that his employer, RSSD had repeatedly denied Adamson his ten-minute break, subjected him to cruel and unusual punishment, harassed him, retaliated against him, and humiliated him in violation of "[s]tate and [f]ederal employment laws along with [c]ivil [r]ights laws." [1] (ECF No. 1 at 0035). The action was filed in state court, and the defendant timely removed it to the United States District Court, District of Nevada pursuant to 28 U.S.C. §§ 1441 and 1446.

RSSD filed its motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 28, 2017. (ECF No. 6). Plaintiff alleges he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights

---

[1] Defendant is properly identified as Republic Silver State Disposal Service, Inc. doing business as Republic Services of Southern Nevada, but was misidentified by plaintiff as "Republic Services of Silver State." (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

Commission ("NERC"). (ECF No. 1). The complaint, spanning only two substantive pages and constituting only one paragraph, failed to address the result of the EEOC filing. (*Id.*). NERC attempted to seek mediation on or about October 20, 2015; "the defendants did not respond." (*Id.* at 6).

**II.     Legal Standard**

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.    Discussion

Plaintiff fails to include sufficient details to sustain a claim upon which relief can be granted. *See* (ECF No. 1). Indeed, plaintiff admits he intended to amend this filing to include relevant details. (*Id.*). There may be a conceivable violation alleged in the complaint, but the harassment, humiliation, retaliation, and cruel and unusual punishment allegations are predicated on conclusory statements of law. (*Id.*). Without additional information the pleading itself does not present a plausible claim. The court cannot draw a reasonable inference that RSSD is liable. Without "enough facts to state a claim to relief that is plausible on its face" the complaint is insufficient to survive a motion for summary judgment. *Twombly*, 550 U.S. at 570.

For example, there is no mention of the specific basis for plaintiff's cause of action. (ECF No. 1). Instead, plaintiff merely refers to unidentified state and federal laws. (*Id.*). Furthermore, there is no allegation of the defendant's specific violations under "[s]tate and [f]ederal employment laws along with [c]ivil [r]ights laws." (*Id.* at 5).

Assuming all factual allegations within plaintiff's complaint are true, the complaint itself does not "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. The complaint, on its face, provides only bare allegations of harassment, humiliation, retaliation, and cruel and unusual punishment. *See Iqbal*, 556 U.S. at 666; (ECF No. 1). The only substantive allegation in the complaint is that plaintiff's employers consistently denied him his ten-minute break. (ECF No. 1 at 5).

To summarize, the court cannot guess as to plaintiff's specific allegations regarding the challenged action. Therefore, the complaint lacks sufficient grounds for the court to conclude that defendant is liable for specific violations of enumerated statutes. *See* (*id.*). As such, the court must reasonably exercise its "power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters,* 459 U.S. 519, 528, n.17 (1983)).

**IV. Conclusion**

The plaintiff's complaint lacks sufficient content for this court to ascertain plaintiff's cause of action. In sum, defendant's motion to dismiss will be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss plaintiff's claims (ECF No. 6) be, and the same hereby is, GRANTED without prejudice.

DATED June 5, 2017.

_____
UNITED STATES DISTRICT JUDGE